UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SILVER GRYPHON, L.L.C., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-2148 |
| | § | |
| THE BANK OF NEW YORK MELLON, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

Pending before the court is plaintiff Silver Gryphon's amended application for a temporary restraining order and for preliminary injunction in which plaintiff requests that the court enjoin defendants from evicting the tenants of a property owned by Silver Gryphon, as the junior lienholder. Dkt. 8. Having considered the application, response, and applicable law, the court is of the opinion that no hearing is necessary and that the application for a temporary restraining order should be DENIED.

In 2004, Bryant Canales and April Bush ("Borrowers") executed a promissory note ("Note") with America's Wholesale Lender to purchase property located on Bandera Valley Court in Houston, Texas (the "Property"). Dkt. 10, Ex. B. The Borrowers granted Mortgage Electronic Registration Systems, Inc. ("MERS") a Deed of Trust against the Property to secure the Note. *Id.* at Ex. A. America's Wholesale Lender subsequently transferred the Note to Countrywide Home Loans. *Id.* On May 24, 2012, MERS assigned its interest in the Deed of Trust to The Bank of New York ("BNY"). *Id.* at Ex. C.

Plaintiff purchased the Property on October 1, 2013 at a Trustee's Sale conducted by the homeowner's association. Dkt. 8, Ex. 3. The applicable Declaration of Covenants, Conditions, and

Restrictions creating the homeowner's association lien specified that such lien was subordinate to any valid purchase money lien or mortgage covering the Property. Dkt. 10, Ex. D. Plaintiff has attempted to contact BNY regarding paying the Note, but as a non-party to the Note, BNY has refused to provide plaintiff any information. Dkt. 8, Ex. 2. Plaintiff leased the Property to tenants who are not parties to this suit. *Id.* at Ex. 4.

On the basis of failure to make required payments on the Note, BNY scheduled a foreclosure sale of the Property for March 4, 2014. *Id.* at Ex. 2. On March 3, 2014, plaintiff filed suit in state court seeking a temporary restraining order to enjoin the sale of the Property scheduled for March 4, 2014. Dkt. 1, Ex. A. The court granted the *ex parte* temporary restraining order at 5:00 p.m. on March 3; however, the sale took place the following day at 10:44 a.m. and was sold to American Homes 4 Rent ("American Homes"). Dkt. 8, Exs. 5, 6. American Homes filed a forcible detainer action in Harris County seeking to evict the tenants. *Id.* at Ex. 7. A judgment has been entered in that case in favor of American Homes authorizing American Homes to take possession of the Property. The writ of execution for the eviction was extended to August 13, 2014.

A party seeking a temporary restraining order or other injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure has the burden to demonstrate each of four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any prejudice the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009); *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir. 1999). Injunctive relief, particularly at the preliminary stages of litigation, is an extraordinary remedy that requires an unequivocal showing of

2

the need for the relief to issue. *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). Thus, injunctive relief should only be granted where the movant has "clearly carried the burden of persuasion." *Bluefield Water Ass'n*, 577 F.3d at 252-53; *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009).

The court finds that plaintiff's amended application for temporary restraining order is deficient and should be denied because it has not shown a substantial likelihood of success on the merits. Plaintiff's application sets out the history of the Property and discusses the threat of irreparable injury; however, plaintiff has wholly failed to discuss the merits of its claims. Therefore, plaintiff's amended application for temporary restraining order and for preliminary injunction (Dkt. 8) is DENIED.

It is so ORDERED.

Signed at Houston, Texas on August 8, 2014.

_____
Gray H. Miller
United States District Judge