UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SILVER GRYPHON, L.L.C., | § | |
| | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-2148 |
| | § | |
| THE BANK OF NEW YORK MELLON, *et al.*, | § | |
| | § | |
|     *Defendants*. | § | |

## ORDER

Pending before the court is defendant's motion to reinstate. Dkt. 30. After considering the motion, response, reply, and applicable law, the court is of the opinion that the motion should be DENIED.

This case arises from plaintiff's purchase, as a junior lienholder, of property located in Houston, Texas at a Trustee's Sale conducted by a homeowner's association when the original borrowers defaulted on their loan. Dkt. 1-1 at 2. Defendants removed this action on July 28, 2014 on the basis of diversity jurisdiction. Dkt. 1. On December 8, 2014, the court granted plaintiff's motion to remand, finding that the joinder of Carl Meyers, the only non-diverse defendant, was not fraudulent. Dkt. 29. Meyers was dismissed from the state court case on February 2, 2015, and BNY now moves to reinstate the case based on complete diversity.

When the dismissal of a party creates complete diversity, a case is only removable if the dismissal of the non-diverse defendant was not contrary to the desire of the plaintiff. *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967). Where the dismissal was contrary to the desire of the plaintiff, the case cannot be removed. *Id.* The "voluntary-involuntary" rule "prevents removal of those cases in which the issue of the resident defendant's dismissal has not been finally

determined in the state courts" and "avoids the duplication and expense which would result if a resident defendant was dismissed on an appealable ground, the nonresident was permitted to remove, and the plaintiff then obtained a reversal of the dismissal in the state appellate courts." *Id.* at 546.

Myers was dismissed from the state court action after plaintiff failed to respond to his verified denial and motion to dismiss. Dkt. 33 at 4. Defendant argues that plaintiff's failure to respond was a voluntary dismissal of Meyers and indicates a concession that Myers was fraudulently a joined. *Id.* Plaintiff responds that it is currently disputing the validity of the state court order of dismissal based on an argument of inadequate notice. Dkt. 32 at 2. Since plaintiff is fighting the dismissal in state court, the dismissal of Meyers was contrary to the desire of the plaintiff, and the action is not removable. Accordingly, the motion to reinstate (Dkt. 30) is DENIED.

It is so ORDERED.

Signed at Houston, Texas on April 6, 2014.

_____
Gray H. Miller
United States District Judge